# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EXXON MOBIL CORPORATION, a New Jersey corporation; and
DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHALENA SIMPSON, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

DEC 1 1 2017

Sherri R. Carter, Executive Officer/Clerk

By: Marion Gomez, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*  **B C 6 8 6 5 4 7** |
|---|---|

Superior Court of California, County of Los Angeles
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Howard Magee (SBN 185199)/Diversity Law Group, 515 S. Figueroa St. #1250, LA, CA 90071,213-488-6555

| DATE:<br>*(Fecha)* DEC 1 1 2017 | SHERRI R. CARTER | Clerk, by<br>*(Secretario)*   Marion Gomez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  EXXON MOBILE CORPORATION, a New Jersey Corporation

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 12/13/17

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

2

Howard L. Magee (State Bar No. 185199)
Kristen Agnew (State Bar No. 247656)
**DIVERSITY LAW GROUP, A Professional Corporation**
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorney for Plaintiff
CHALENA SIMPSON

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

DEC 11 2017

Sherri R. Carter, Executive Officer/Clerk
By: Marlon Gomez, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

BC 686547

| | |
|---|---|
| CHALENA SIMPSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>EXXON MOBIL CORPORATION, a New Jersey corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **PREGNANCY DISCRIMINATION IN VIOLATION OF FEHA;**<br>2. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**<br>3. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH IN VIOLATION OF FEHA;**<br>4. **FAILURE TO MAKE REASONABLE ACCOMMODATIONS IN VIOLATION OF FEHA; AND**<br>5. **RETALIATION IN VIOLATION OF FEHA**<br><br>**(DEMAND EXCEEDS $25,000.00)**<br><br>**JURY TRIAL DEMANDED** |

1

COMPLAINT

1    Plaintiff Chalena Simpson (hereinafter referred to as "Plaintiff" or "Ms. Simpson"),

2    hereby submits her Complaint for Damages against Defendant Exxon Mobil Corporation

3    ("Exxon Mobil") and Does 1 through 50 (collectively, "Defendants") as follows:

4                            **JURISDICTION AND VENUE**

5         1.     This Court has jurisdiction over the violations of the Fair Employment and

6    Housing Act (the "FEHA"), as Plaintiff has met all the jurisdictional requirements for proceeding

7    with her claims under the FEHA, including without limitation, California Government Code

8    sections 12960 and 12965, by timely filing an administrative complaint against Exxon Mobil

9    with the California Department of Fair Employment and Housing (the "DFEH") on or about May

10   12, 2016. On December 14, 2016, Plaintiff received her right-to-sue letter from the DFEH

11   against Exxon Mobil. True and correct copies of the DFEH complaint and right-to-sue letter are

12   collectively attached hereto as Exhibit "A."

13        2.     Venue is proper because the alleged wrongs occurred in Los Angeles County.

14                                    **PARTIES**

15        3.     At all times mentioned herein, Plaintiff was an individual residing in the State of

16   California.

17        4.     Exxon Mobil is an international oil and gas company with operations throughout

18   the United States, including in Los Angeles County, California.

19        5.     At all times mentioned herein, Exxon Mobil was and is a corporation who

20   employs 100 or more employees. As such, Exxon Mobil is subject to the FEHA pursuant to

21   California Government Code section 12926(d).

22                                **DOE DEFENDANTS**

23        6.     Plaintiff does not know the true names or capacities, whether individual, partner

24   or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason,

25   said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this

26   complaint when the true names and capacities are known. Plaintiff is informed and believes and,

27   based thereon alleges, that each of said fictitious defendants was responsible in some way for the

28   matters alleged herein and proximately caused Plaintiff to be subject to the illegal employment

1  practices, wrongs and injuries complained of herein.

2  **AGENCY STATUS OF EACH DEFENDANT**

3       7.    At all times herein mentioned, each of said Defendants participated in the doing

4  of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

5  Defendants, and each of them, were the agents, servants and employees of each of the other

6  Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were

7  acting within the course and scope of said agency and employment.

8       8.    Plaintiff is informed and believes and, based thereon alleges, that at all times

9  material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

10  joint venturer of, or working in concert with each of the other co-Defendants and was acting

11  within the course and scope of such agency, employment, joint venture, or concerted activity.

12  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of

13  the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

14  Defendants.

15       9.    At all times herein mentioned, Defendants, and each of them, were members of,

16  and engaged in, a joint venture, partnership and common enterprise, and acting within the course

17  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

18       10.    At all times herein mentioned, the acts and omissions of various Defendants, and

19  each of them, concurred and contributed to the various acts and omissions of each and all of the

20  other Defendants in proximately causing the injuries and damages as herein alleged. At all times

21  herein mentioned, Defendants, and each of them, ratified each and every act or omission

22  complained of herein. At all times herein mentioned, the Defendants, and each of them, aided

23  and abetted the acts and omissions of each and all of the other Defendants in proximately causing

24  the damages as herein alleged.

25  **FACTUAL ALLEGATIONS**

26       11.    Plaintiff Chalena Simpson was employed by Exxon Mobil from on or about

27  March 28, 2008 to June 5, 2015. Ms. Simpson worked as a Laboratory Technician at the

28  Torrance, California refinery.

3

**COMPLAINT**

12.     Ms. Simpson was a hardworking and dedicated employee during her seven-year tenure with Exxon Mobil. However, once Ms. Simpson complained to management about the sex discrimination and hostile work environment she experienced, Exxon Mobil began retaliating against Ms. Simpson and ultimately wrongfully terminated her employment when she was approximately four months pregnant.

13.     On or about February 23, 2015, Ms. Simpson alerted management that her immediate supervisor, Hiram Acosta, was creating a hostile work environment. Ms. Simpson complained that Mr. Acosta unfairly singled her out for discipline and treated her less favorably than other employees because of her sex. Exxon Mobil did nothing to rectify Ms. Simpson's complaints, such as disciplinary action against Mr. Acosta, or at the very least, transferring Ms. Simpson out of the hostile and toxic work environment.

14.     In Spring 2015, Ms. Simpson learned that she was pregnant. Ms. Simpson advised her physician of the nature of her work, including that she handled chemicals that are known to be hazardous to pregnant women. On May 12, 2015, Ms. Simpson's physician provided her with a doctor's note requesting that Exxon Mobil excuse her from "normal work related duties, including work using chemicals that is not protected by a hood" for the period of May 12, 2015 to June 15, 2015. Ms. Simpson made multiple attempts to present the doctor's note to Exxon Mobil's Medical Department, including on May 13 and May 15, but was advised that the medical personnel who handled requests for light duty were out of the office. Consequently, against her physician's recommendation, Ms. Simpson was left with no choice but to continue handling chemicals without the protection of a hood.

15.     On May 18, 2015, Ms. Simpson spoke to a registered nurse within the Medical Department. Ms. Simpson disclosed her pregnancy and inquired about the safety of her work environment in light of her condition and the doctor's prescribed work restrictions. Ms. Simpson further requested that Exxon Mobil provide her with a light duty assignment and again attempted to provide the May 12 doctor's note. The nurse refused to accept the note. The nurse informed Ms. Simpson that the Medical Department had to conduct its own reproductive assessment of the laboratory. Ms. Simpson asked why an assessment was necessary, given that she had already

1   presented a note from her physician outlining her work restrictions. The nurse was unrelenting

2   and insisted that an assessment was necessary to determine what accommodation, if any, would

3   be provided. The nurse directed Ms. Simpson to return to her regular assignment in the

4   laboratory against the directive of her physician.

5       16.     Although Ms. Simpson had shared the news of her pregnancy in confidence with

6   Exxon Mobil's nurse, she later learned that the nurse apprised Mr. Acosta and/or Daisy Mah,

7   Laboratory Manager, of her pregnancy.

8       17.     Despite Ms. Simpson's work restrictions, Exxon Mobil failed to modify her job

9   duties in accordance with her doctor's directive that she avoid hazardous chemicals. Exxon

10  Mobil further failed to provide Ms. Simpson the option of transferring to an alternate position

11  within the Company as an offer of a reasonable accommodation. Rather than try to work with

12  Ms. Simpson, who was ready and willing to continue working for the duration of her pregnancy,

13  Exxon Mobil completely ignored her attempts to interact about possible workplace

14  accommodations. Indeed, Ms. Simpson was never told the results of the purported reproductive

15  assessment.

16      18.     In an act of retaliation and discrimination, Exxon Mobil unlawfully terminated

17  Ms. Simpson's employment. On June 4, 2015, Ms. Simpson was presented with a letter

18  terminating her employment for purported unsatisfactory performance. Ms. Simpson is informed

19  and believes that the individuals who participated in the termination decision, including Mr.

20  Acosta and Ms. Mah, were aware of her pregnancy and prior complaints and acted with

21  discriminatory intent.

22      19.     As an actual and proximate result of the illegal employment actions of Exxon

23  Mobil, Ms. Simpson has suffered and continues to suffer pain, humiliation, severe emotional

24  distress, trauma, and sleeplessness. Also, as an actual and proximate result of the Company's

25  illegal employment actions, Ms. Simpson has suffered lost wages, including without limitation,

26  unpaid overtime, loss of salary, incentivized compensation, and bonuses. Ms. Simpson also has

27  suffered a loss in earning capacity. Thus, Ms. Simpson has suffered economic and non-economic

28  losses in an amount greater than this Court's jurisdictional minimum of $25,000. Ms. Simpson

1   seeks lost wages and loss in earning capacity, as well as compensatory damages for pain and

2   suffering, inconvenience, and mental anguish. Ms. Simpson also seeks punitive damages,

3   interest, attorneys' fees, and costs, as permitted by law

4   **FIRST CAUSE OF ACTION**

5   **PREGNANCY DISCRIMINATION IN VIOLATION OF THE FEHA**

6   **(AGAINST EXXON MOBIL AND DOES 1-50 BY PLAINTIFF)**

7       20.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 as

8   though fully set forth herein.

9       21.     Under the FEHA, Government Code § 12940 *et seq.*, it is an unlawful

10  employment practice for an employer, because of the sex and/or pregnancy of a person, to refuse

11  to hire or employ the person, to bar or discharge the person from employment, or to discriminate

12  against the person in compensation or in terms, conditions, or privileges of employment.

13      22.     As a direct, legal, and proximate result of Plaintiff's pregnancy, Defendants

14  discriminated against Plaintiff in the compensation, terms, conditions, and privileges of

15  employment by terminating Plaintiff due to her pregnancy in violation of California Government

16  Code section 12940.

17      23.     As a proximate result of Defendants' discrimination against Plaintiff, she has

18  suffered and continues to suffer compensatory damages, including without limitation, lost wages,

19  loss of future earnings and earning capacity, loss of bonuses and deferred compensation,

20  emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and

21  damage to her reputation in the business community, in the amount of at least $25,000.00,

22  according to proof at the time of trial, which is in excess of the jurisdictional minimum for this

23  lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages,

24  together with prejudgment interest accruing from the date of the filing of this action pursuant to

25  California Civil Code sections 3281 and/or 3288, and/or any other provision of law providing for

26  prejudgment interest.

27      24.     As a proximate result of Defendants' discrimination against Plaintiff, she has been

28  forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected

6

**COMPLAINT**

1    to continue to incur attorneys' fees. Pursuant to California Government Code section 12965(b),

2    Plaintiff requests the award of attorneys' fees against Defendants.

3         25.      Defendants committed the acts alleged herein maliciously, fraudulently, and

4    oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in

5    conscious disregard of Plaintiff's rights and safety. As such, Plaintiff is entitled to an award of

6    punitive damages in an amount according to proof.

7                            **SECOND CAUSE OF ACTION**

8            **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA**

9              **(AGAINST EXXON MOBIL AND DOES 1-50 BY PLAINTIFF)**

10        26.      Plaintiff incorporates by reference as if fully set forth herein the allegations

11   contained in paragraphs 1 through 25.

12        27.      California Government Code section 12940(a) prohibits employers from

13   discriminating against any employee on the basis of disability. Pursuant to California

14   Government Code section 12926.1(b), "disability" includes, without limitation, protection from

15   discrimination due to actual or perceived physical or mental condition that is disabling,

16   potentially disabling, or perceived as disabling or potentially disabling

17        28.      Plaintiff was a qualified individual with a disability. Plaintiff was also regarded as

18   or treated by Defendants as being disabled and/or having a physical condition that made

19   achievement of a major life activity difficult.

20        29.      Plaintiff is informed and believes and based thereon alleges that her disability was

21   a motivating factor in Defendants' decision to terminate her employment in violation of

22   Government Code section 12940(a).

23        30.      As a proximate result of Defendants' discrimination against Plaintiff, she has

24   suffered and continues to suffer compensatory damages, including without limitation, lost wages,

25   loss of future earnings and earning capacity, loss of bonuses and deferred compensation,

26   emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and

27   damage to her reputation in the business community, in the amount of at least $25,000.00,

28   according to proof at the time of trial, which is in excess of the jurisdictional minimum for this

1   lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages,

2   together with prejudgment interest accruing from the date of the filing of this action pursuant to

3   California Civil Code sections 3281 and/or 3288, and/or any other provision of law providing for

4   prejudgment interest.

5       31.      As a proximate result of Defendants' discrimination against Plaintiff, she has been

6   forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected

7   to continue to incur attorneys' fees. Pursuant to California Government Code section 12965(b),

8   Plaintiff requests the award of attorneys' fees against Defendants.

9       32.      Defendants committed the acts alleged herein maliciously, fraudulently, and

10   oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in

11   conscious disregard of Plaintiff's rights and safety. As such, Plaintiff is entitled to an award of

12   punitive damages in an amount according to proof.

13   **THIRD CAUSE OF ACTION**

14   **FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF THE FEHA**

15   **(AGAINST EXXON MOBIL AND DOES 1-50 BY PLAINTIFF)**

16       33.      Plaintiff incorporates by reference as if fully set forth herein the allegations

17   contained in paragraphs 1 through 32.

18       34.      California Government Code section 12940(n) provides that it is unlawful for an

19   employer to fail to engage in a timely, good faith interactive process with an employee with a

20   known physical disability in order to identify and implement effective reasonable

21   accommodations if any.

22       35.      California Government Code section 12926.1(e) states, "The Legislature affirms

23   the importance of the interactive process between the applicant or employee and the employer in

24   determining a reasonable accommodation, as the requirement has been articulated by the Equal

25   Employment Opportunity Commission in its interpretive guidance of the Americans with

26   Disabilities Act of 1990."

27       36.      Defendants were required to proactively engage in a good faith review of

28   Plaintiff's ability to continue to perform the essential functions of her job with or without

8

**COMPLAINT**

1  reasonable accommodations.

2    37.    Defendants failed to engage in a proper good faith interactive process before it

3  decided to terminate Plaintiff from her job.

4    38.    As a proximate result of Defendants' failure to engage in the interactive process

5  with Plaintiff, she has suffered and continues to suffer compensatory damages, including without

6  limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses and deferred

7  compensation, emotional distress, mental anguish, embarrassment, humiliation, loss of future

8  advancement, and damage to her reputation in the business community, in the amount of at least

9  $25,000.00, according to proof at the time of trial, which is in excess of the jurisdictional

10  minimum for this lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as

11  damages, together with prejudgment interest accruing from the date of the filing of this action

12  pursuant to California Civil Code sections 3281 and/or 3288, and/or any other provision of law

13  providing for prejudgment interest.

14    39.    As a proximate result of Defendants' failure to engage in the interactive process

15  with Plaintiff, she has been forced to hire attorneys to prosecute the claims alleged herein, and

16  has incurred and is expected to continue to incur attorneys' fees. Pursuant to California

17  Government Code section 12965(b), Plaintiff requests the award of attorneys' fees against

18  Defendants.

19    40.    Defendants committed the acts alleged herein maliciously, fraudulently, and

20  oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in

21  conscious disregard of Plaintiff's rights and safety.  As such, Plaintiff is entitled to an award of

22  punitive damages in an amount according to proof.

23                    **FOURTH CAUSE OF ACTION**

24    **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE FEHA**

25            **(AGAINST EXXON MOBIL AND DOES 1-50 BY PLAINTIFF)**

26    41.    Plaintiff incorporates by reference as if fully set forth herein the allegations

27  contained in paragraphs 1 through 40.

28    42.    Government Code section 12940(m) provides that it is unlawful for an employer

9

COMPLAINT

11

1  to fail to consider a reasonable accommodation for the known physical or mental disability of an

2  employee.

3      43.      Defendants failed to make reasonable accommodations for Plaintiff's disability by

4  terminating her because of her disability rather than determining what reasonable

5  accommodations could be given to Plaintiff to allow her to keep working.

6      44.      As a proximate result of Defendants' failure to accommodate Plaintiff, she has

7  suffered and continues to suffer compensatory damages, including without limitation, lost wages,

8  loss of future earnings and earning capacity, loss of bonuses and deferred compensation,

9  emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and

10  damage to her reputation in the business community, in the amount of at least $25,000.00,

11  according to proof at the time of trial, which is in excess of the jurisdictional minimum for this

12  lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages,

13  together with prejudgment interest accruing from the date of the filing of this action pursuant to

14  California Civil Code sections 3281 and/or 3288, and/or any other provision of law providing for

15  prejudgment interest.

16      45.      As a proximate result of Defendants' failure to accommodate Plaintiff, she has

17  been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is

18  expected to continue to incur attorneys' fees. Pursuant to California Government Code section

19  12965(b), Plaintiff requests the award of attorneys' fees against Defendants.

20      46.      Defendants committed the acts alleged herein maliciously, fraudulently, and

21  oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in

22  conscious disregard of Plaintiff's rights and safety. As such, Plaintiff is entitled to an award of

23  punitive damages in an amount according to proof.

24                        **FIFTH CAUSE OF ACTION**

25                **RETALIATION IN VIOLATION OF THE FEHA**

26            **(AGAINST EXXON MOBIL AND DOES 1-50 BY PLAINTIFF)**

27      47.      Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 though

28  fully set forth herein.

48. California Government Code section 12940(h) prohibits employers from retaliating against employees who have opposed any practices forbidden under the FEHA.

49. Defendants are liable under section 12940(h) for retaliating against Plaintiff because she engaged in a protected activity by complaining internally about the unethical sex harassment and discrimination perpetrated by Mr. Acosta. Additionally, Plaintiff engaged in protected activity by requesting reasonable accommodations for her actual and/or perceived disabilities, including requesting a light duty assignment.

50. As alleged above, Defendants retaliated against Plaintiff, by among other acts, refusing to engage in any interactive process with Plaintiff in response to her articulated request for reasonable accommodation and ultimately terminating her employment.

51. As a proximate result of Defendants' retaliation against Plaintiff, she has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to her reputation in the business community, in the amount of at least $25,000.00, according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

52. As a proximate result of Defendants' retaliation against Plaintiff, she has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code section 12965(b), Plaintiff requests the award of attorneys' fees against Defendants.

53. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious disregard of Plaintiff's rights and safety. As such, Plaintiff is entitled to an award of punitive damages in an amount according to proof.

11

**COMPLAINT**

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for and requests relief against Defendants as follows:

1.    For lost wages, benefits, penalties and other monetary relief in an amount to be proven at trial;

2.    For general damages resulting from suffered humiliation, embarrassment, disgrace, loss of reputation, mental anguish, and emotional and physical distress in an amount to be proven at trial;

3.    All general damages, according to proof at the time of trial.

4.    For punitive and exemplary damages in an amount according to proof at the time of trial;

5.    For interest on the sum of the damages awarded, calculated from the date of termination to the date of judgment;

6.    For attorneys' fees and costs incurred, in an amount to be determined at trial; and

7.    For such other and further relief as the Court may deem just and proper.

Dated:  December 11, 2017          DIVERSITY LAW GROUP, P.C.

By:

Kristen M. Agnew
Attorneys for Plaintiff
CHALENA SIMPSON

14

1

## DEMAND FOR JURY TRIAL

2      Plaintiff Chalena Simpson hereby demands trial by jury.

3

4   Dated:  December 11, 2017                DIVERSITY LAW GROUP, P.C.

5

6                                           By:

7                                           Kristen M. Agnew
                                            Attorneys for Plaintiff
8                                           CHALENA SIMPSON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

**COMPLAINT**

# EXHIBIT A

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

### BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
#### Under the California Fair Employment and Housing Act
#### (Gov. Code, § 12900 et seq.)

Complaint of
Chalena Simpson, Complainant.
P. O. Box 9395
Inglewood, California 90305

vs.

Exxon Mobil Torrance Refinery, QALaboratory
Respondent.
3700 West 190th Street
Torrance, California 90504

DFEH No. 742617-209681
EEOC No.

THE PARTICULARS ARE:

1. I, Chalena Simpson, allege that I was subjected to Discrimination, Retaliation by respondent, Exxon Mobil Torrance Refinery, QALaboratory due to one or more Fair Employment and Housing Act protected bases: Sex - Includes pregnancy and/or childbirth and/or breastfeeding and/or related medical conditions.

2. I was Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Terminated, Other. The most recent harm occurred on or around June 04, 2015.

3. My belief is based on the following: I altered my employer that I was pregnant and needed a reasonable accommodation because I was a laboratory technician and worked around hazardous chemicals. My employer sent in a team to evaluate my work space. Nothing further was said to me. A month later I was terminated. I believe I was terminated for asking for a reasonable accommodation. I was also written up twice in 2014 and more recently in February of 2015. Nothing was said or done regarding the write ups. It was not until I requested the reasonable accommodation that my employer used this against me as a way to retaliate against me and terminate my employment.

-2-

17

VERIFICATION

I, am the **Complainant** in the above complaint. I have read the above complaint and know its contents. I declare under penalty of perjury under the laws of the State of California that the above is true and correct of my own knowledge, except as to those matters alleged on information and belief, which I also believe to be true.

Signature of Complainant or Complainant's Legal Representative:          Date:
Chalena Simpson                                                          May 12th, 20

                                                                         **Inglewood, Ca.**

-3-

18



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____ GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

December 14, 2016

Chalena Simpson
P. O. Box 9395
Inglewood California 90305

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Number: 742617-209681
        EEOC Number: Los Angeles - S
        Simpson  / Exxon Mobil Torrance Refinery, QA Laboratory

Dear Chalena Simpson:

The Department of Fair Employment and Housing (DFEH) has closed your case for the following reason: Investigated and Dismissed – Insufficient Evidence. Based upon its investigation, DFEH is unable to conclude that the information obtained establishes a violation of the statute. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

**This is your Right to Sue notice.** According to Government Code section 12966, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of, Government Code section 12948, which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation.

Your complaint is **not dual filed** with the United States Equal Employment Opportunity Commission (EEOC). To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this letter or within 300 days of the alleged discriminatory act, whichever is earlier.

You may file an appeal with DFEH which is a written request made to the District Administrator for reconsideration of the decision to close your case. Your appeal should include a 1) summary as to why you disagree with the reason; and/or, 2) any new

Notice of Case Closure and Right to Sue
December 14, 2016
Page 2 of 5

detailed information (e.g., documents, records, witness information) that supports your claim. If you appeal, the information you provide will be carefully considered.

Although DFEH has concluded that the evidence and information did not support a finding that a violation occurred, the allegations and conduct at issue may be in violation of other laws. You should consult an attorney as soon as possible regarding any other options and/or recourse you may have regarding the underlying acts or conduct.

Should you decide to bring a civil action on your own behalf in court in the State of California under the provisions of the California Fair Employment and Housing Act (FEHA) against the person, employer, labor organization or employment agency named in your complaint, below are resources for this. Please note that if a settlement agreement has been signed resolving the complaint, you might have waived the right to file a private lawsuit.

**Finding an Attorney**
To proceed in Superior Court, you should contact an attorney. If you do not already have an attorney, the organizations listed below may be able to assist you:

- The State Bar of California has a Lawyer Referral Services Program which can be accessed through its Web site at www.calbar.ca.gov or by calling (866) 442-2529 (within California) or (415) 538-2250 (outside California).

- Your county may have a lawyer referral service. Check the Yellow Pages of your telephone book under "Attorneys."

**Filing in Small Claims Court**
- The Department of Consumer Affairs (DCA) has a publication titled "The Small Claims Court: A Guide to Its Practical Use" online at of "The Small Claims Court: A Guide to Its Practical Use" online at http://www.dca.ca.gov/publications/small_claims. You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" online, by calling the DCA Publication Hotline at (866) 320-8652, or by writing to them at: DCA, Office of Publications, Design and Editing; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

Notice of Case Closure and Right to Sue
December 14, 2016
Page 3 of 5


- The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov.

Sincerely,

*Sylvia M. Lopez*

Sylvia Lopez
Consultant III
559-244-4791
sylvia.lopez@dfeh.ca.gov



cc: Exxon Mobil Corporation
    22777 Springwoods Village Parkway
    Energy 2, 4B, 471
    Spring, Texas   77389

Notice of Case Closure and Right to Sue
December 14, 2016
Page **4** of **5**

Notice of Case Closure and Right to Sue
December 14, 2016
Page 5 of 5